TATE, Justice
(concurring).
In my opinion, the trial judge correctly construed La.C.Cr.P. art. 213 as not allowing the warrantless arrest of a defendant for a misdemeanor not committed in the officer’s presence. La.C.Cr.P. art. 213(1) is a specific provision permitting warrantless arrests by an officer when “The person to be arrested has committed an offense in his presence, and if the arrest is for a misdemeanor it must be made immediately or on close pursuit.” La.C.Cr.P. art. 213(3) (permitting warrantless arrest for any offense when there are reasonable grounds therefor) is a general provision which, if inconsistent, must yield to the specific circumstances set forth in art. 213(1).
However, under the circumstances as herein presented, the defendant’s arrest was apparently proper. The briefed facts reveal that on July 13, 1977 the defendant ran a stop sign in Lafayette Parish and was involved in a serious automobile accident in which six people were injured.
A Louisiana state trooper called to the scene smelled alcohol on the defendant’s breath and, within 40 minutes of his arrival, arrested defendant for DWI and advised him of his constitutional rights. The defendant was then transported to the state police troop headquarters, where he was again advised of his rights, given a PEI test and thereafter booked at the Lafayette Parish Sheriff's Department.
Accordingly, the arrest for the misdemeanor was made by the police officer in whose presence the offender was found under evidentiary circumstances showing he had just committed the misdemeanor,